# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI HAHN, | 1:08-cv-0447 OWW GSA |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Cross-Motions for Summary Judgment Filing Deadline: 10/17/08 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY LTD PLAN, | Oppositions Thereto: 11/17/08 |
| Defendants. | Replies Thereto: 12/1/08 |
| | Hearing Date: 12/15/08 10:00 Ctrm. 3 |
| | Non-Dispositive Motion Filing Deadline: 1/15/09 |
| | Dispositive Motion Filing Deadline: 1/30/09 |
| | Settlement Conference Date: None |
| | Pre-Trial Conference Date: 4/6/09 11:00 Ctrm. 3 |
| | Trial Date: 5/19/09 9:00 Ctrm. 3 (CT-1/2 day) |

I.   Date of Scheduling Conference.

   July 3, 2008.

///

1

II.     Appearances Of Counsel.

       Shernoff Bidart Darras Echeverria LLP by Frank N. Darras, Esq., appeared on behalf of Plaintiff.

       Wilson, Elser, Moskowitz, Edelman & Dicker LLP by Sherida A. Stroble, Esq., appeared on behalf of Defendants.

III.    Summary of Pleadings.

       **Plaintiff's**

       1.     Prior to her disability, Plaintiff was a Senior PPC Underwriting Assistant with State Farm.  However, due to a locking finger, constant pain in her right shoulder, elbow and fingers and resultant anxiety and depression, Plaintiff (who is also a diabetic and an asthmatic with known high cholesterol) became disabled and subsequently, in or about August 2001, submitted a claim to LINA under the terms of the subject Plan. After paying benefits for years, and despite no significant change in Plaintiff's health, LINA arbitrarily and capriciously denied further benefits.

       2.     The relief Plaintiff seeks is as follows:

              a.     An award of benefits in the amount not paid to Plaintiff from on or about May 30, 2007, to the date of judgment herein, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; or, in the alternative, a remand to the Plan Administrator for a determination of Plaintiff's claim consistent with the terms of the Plan;

              b.     An order determining Plaintiff is entitled to future disability payments so long as she remains disabled as defined in the Plan;

2

              c.    For reasonable attorney's fees incurred in this
action; and
              d.    For such other and further relief as the Court
deems just and proper.
    **Defendants'**
    3.    Defendants contend that Plaintiff is not entitled to
continued long-term disability ("LTD") benefits and that LINA's
decision to terminate Plaintiff's claim for ongoing LTD benefits
was properly based on the Administrative Record.  Plaintiff's
claim for ongoing LTD benefits was denied when LINA determined
that the documentation submitted by Plaintiff did not support a
sickness or injury entitling Plaintiff to the continued receipt
of benefits.  This decision was upheld on Plaintiff's
administrative appeal under the Plan.
    4.    Specifically, Defendants contend that Plaintiff has not
provided medical information to support her continued disability
under the "any occupation" definition of disability under the
Plan.
    5.    The relief that Defendants seek is as follows: that
Plaintiff take nothing against Defendants by reason of her
Complaint on file herein, that judgment be awarded in favor of
Defendants, and against Plaintiff, and that Defendants be
dismissed from this action with prejudice; that Defendants be
awarded their attorneys' fees incurred herein; that Defendants be
awarded their costs of suit; and that the Court grant such other
and further relief as it may deem just and proper.
IV.   Orders Re Amendments To Pleadings.
       1.   The parties do not anticipate amending the pleadings at

3

this time.

V.  Factual Summary.

   A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.  Plaintiffs admit she was a participant in an employee benefit plan established for the employees of State Farm Mutual Automobile Insurance Company ("State Farm") and maintained by Defendant LINA.

      2.  Plaintiff contends Defendant LINA improperly denied further benefits despite significant medical evidence provided by Plaintiff's treating physicians and the award of disability benefits by the Social Security Administration.

      3.  Plaintiff contends LINA never contacted Plaintiff's treating physicians to confirm if Plaintiff's medical conditions had improved to the extent she had return to work capacity.

      4.  Plaintiff contends LINA instead relied upon their own biased in-house medical reviewers who never examined Plaintiff or spoke with Plaintiff's treating physicians.

      5.  Defendants admit the policy was in force at all times relevant herein.

      6.  Defendants admit Plaintiff has fully exhausted her administrative remedies under the Plan.

      7.  Defendant Plan admits it is an employee benefit plan for established employees of State Farm Mutual Automobile Insurance Company ("State Farm") and maintained by Defendant LINA.

      8.  Defendant LINA based its decision to terminate

Plaintiff's LTD benefits on the following:

    a.    Plaintiff's office visit notes from Leah Thornton PA-C at Tecumseh Family Medical Center for her December 18, 2006 medical examination indicated that Plaintiff had been off of her medications for six months and needed refills. At that time, Plaintiff's overall physical examination was "good."

    b.    Tecumseh Family Medical Center Office notes for January 24, 2007, indicated that Plaintiff needed medication refills, that she had no acute complaints, and that her overall physical examination was normal.

    c.    An echocardiogram performed on February 9, 2007, revealed normal results.

    d.    Dr. Gunderson did not provide LINA with medical records for the Company's review of her ongoing disability.

9.    Defendant LINA based its decisions to uphold its termination of Plaintiff's benefits on the following:

    a.    The information noted in 8 a-d, above.

    b.    Information from Dr. Gunderson that indicated that she appeared to be healthy, well-developed and well nurtured at her first examination on December 12, 2006, and that she had "minimal discomfort" in her appearance.

    c.    On March 15, 2007, Dr. Gunderson discussed with Plaintiff the results of her shoulder MRI which noted little irregularity on the labrum and stated that her tendonopathy had healed, that there was no detachment of her biceps anchor and the labrile finding was insignificant and did not need repair. Dr. Gunderson noted that the only further treatment Plaintiff needed

5

was physical therapy.

VI. Legal Issues.

    A. Uncontested.

        1. Jurisdiction exists under 28 U.S.C. § 1331 and the provisions of ERISA.

        2. Venue is proper under 28 U.S.C. § 1391.

        3. The standard of review for the decision of the Plan Administrator is *de novo*.

    B. Contested.

        1. All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

    1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1. The parties agree that the entitlement to benefits in this ERISA case will be determined by *de novo* review of the administrative record and Plan Administrator decision. Accordingly, discovery will not be necessary.

    2. The parties' cross-motions for summary judgment shall be filed on or before October 17, 2008. Any oppositions thereto

6

1  shall be filed on or before November 17, 2008.  Any replies shall
2  be filed by December 1, 2008.  The hearing is scheduled for
3  December 15, 2008.
4  X.   Pre-Trial Motion Schedule.
5       1.   All Non-Dispositive Pre-Trial Motions, including any
6  discovery motions, will be filed on or before January 15, 2009,
7  and heard on February 23, 2009, at 9:00 a.m. before Magistrate
8  Judge Gary S. Austin in Courtroom 10.
9       2.   In scheduling such motions, the Magistrate
10 Judge may grant applications for an order shortening time
11 pursuant to Local Rule 142(d).  However, if counsel does not
12 obtain an order shortening time, the notice of motion must comply
13 with Local Rule 251.
14      3.   All Dispositive Pre-Trial Motions will be filed on or
15 before January 30, 2009, and heard on March 2, 2009, at 9:00 a.m.
16 before Judge Oliver W. Wanger in Courtroom 3.
17 XI.  Pre-Trial Conference Date.
18      1.   April 6, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor,
19 before the Honorable Oliver W. Wanger, United States District
20 Judge.
21      2.   The parties are ordered to file a Joint Pre-
22 Trial Statement pursuant to Local Rule 281(a)(2).
23      3.   Counsel's attention is directed to Rules 281
24 and 282 of the Local Rules of Practice for the Eastern District
25 of California, as to the obligations of counsel in preparing for
26 the pre-trial conference.  The Court will insist upon strict
27 compliance with those rules.
28 ///

**XII. Trial Date.**

    1.   May 19, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties agree there is no entitlement to jury trial in this ERISA action.

    3.   Counsels' Estimate Of Trial Time:

        a.   One-half day.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIII.   Settlement Conference.**

    1.   A Settlement Conference will not be scheduled at this time as the parties advise that their alternative dispute resolution efforts will likely result in immediate success.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in

8

advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

    1.   None.

**XV. Related Matters Pending.**

    1.   There are no related matters.

**XVI. Compliance With Federal Procedure.**

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII.    Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in

1  `the imposition of sanctions.`
2
3  IT IS SO ORDERED.
4  Dated:   **July 15, 2008**                              **/s/ Oliver W. Wanger**
                                                        UNITED STATES DISTRICT JUDGE
5